## SUPREME COURT.

### FORBES agt. LOCKE AND CHAPMAN.

Where both parties noticed the cause for trial, put it on the Calendar, and it was reached the first day of the Circuit, called and passed; the plaintiff's attorney then discontinued and tendered defendants' attorney $12,50 costs, which was refused, as not being enough into $10. And on a second call of the Calendar the defendants' attorney moved the cause, when it was stipulated between the attorneys to submit the question of costs to the Judge. *Held*, that defendant was entitled to the $10, counsel fee he claimed—making $22.50 directed to be paid.

A liberal construction should be given to these questions of costs.

*Penn Yan, April,* 1853. *At Chambers, before* WELLES, Justice. Issue was joined in this action prior to the Circuit Court, held in the County of Yates, on the third Monday of April inst.

The action was noticed for trial by both parties for that circuit, and put upon the Calendar. On the first day of the circuit the cause was reached and called in its order and passed, neither party moving it. Afterwards, and on the same day, the plaintiff's attorney discontinued the action, and tendered to the attorneys for the defendant, Chapman, $12.50, as and for his costs of the defence, which was refused as not being sufficient by $10. On a second call of the Calendar the cause was again reached and moved on behalf of the defendant, Chapman, when it was stipulated between the attornies, to submit the question to a Justice of this court, whether the tender was sufficient in amount, and if sufficient, the $12.50 to be paid and received. If the attornies for defendant, Chapman, are entitled to the additional ten dollars claimed, then $22,50 to be paid, and the action regarded out of court. The reason why the

Forbes agt. Locke and Chapman.

trial was not moved at the first call of the Calendar, was, that the counsel who were expected to try the cause for the respective partes were temporarily engaged out of court.

WILLIAM S. BRIGGS, *for Defendant, Chapman.*
JOHN D. WOOLCOTT, *for Plaintiff.*

WELLES, Justice.—I think under the circumstances of this case, the defendant, Chapman, was entitled to the additional ten dollars claimed. The seven dollars, given by the 2d subdivision of section 307, of the Code, to the defendant, for all proceedings subsequent to notice of trial, and before the trial, are intended to pay him for preparing the cause for trial, embracing every thing to be done by the party and his attornies and counsel after notice of trial and before the circuit. As soon as the circuit has commenced, the attorney becomes entitled to ten dollars, under subdivision 8 of the same section, provided the cause is necessarily on the Calendar, and, either not reached, or postponed. In this case there was a *bona fide* intention to try the cause, which was not done at the first call of the Calendar, but would have been done at the second call, except for the stipulation of the attornies, to refer the question as stated.

I think the claim of the defendant to this additional ten dollars is within, the intention at least, of subdivision 8. If necessary to sustain it, I think the case may be regarded as having been postponed from the first to the second call of the Calendar; or, if not postponed, that at the time of the tender it was not reached. True, it had been once reached, but was expected to be again, but was not again reached until after the discontinuance and tender. In Minturn agt. Main, (2 *Sanf. Supr. C. R.* 737,) the court say : " It is the practice to construe the allowance of counsel fees, for attendance at the terms, in a liberal way."

My opinion is that the defendant is entitled to the ten dollars in question.

Costs.